**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRYL A. BACA,

        Petitioner,               No. C 07-0146 PJH (PR)

  vs.                              **ORDER OF DISMISSAL**

ROBERT A. HOREL, et al.,

        Respondents.
                                 /

      This is a habeas case filed pro se by a state prisoner.  Petitioner contends that his constitutional rights were violated when his wife's visiting privileges were suspended for two years.

      The suspension of petitioner's wife's visits does not affect the fact or duration of petitioner's incarceration.  This means this his claim is not the proper subject of a habeas action, but must be brought as a civil rights case under Section 1983.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement; civil rights action proper method for challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

      In an appropriate case a habeas petition may be construed as a Section 1983 complaint, *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), but there have been significant changes in the law since *Wilwording* was decided.  For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis ("IFP") is granted, the fee is forgiven.  For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma


**United States District Court**
For the Northern District of California

pauperis status, by way of deductions from income to the prisoner's trust account. *See* 28 U.S.C. 1915(b)(2). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), possibly limiting future IFP litigation, whereas dismissals of habeas cases cannot be counted as strikes. *See Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005).

In view of these potential pitfalls for petitioner if the court were to construe the petition as a civil rights complaint, the case will be dismissed without prejudice to petitioner filing a civil rights action if he wishes to do so in light of the above.

**IT IS SO ORDERED.**

Dated: February 23, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.07\BACA146.DSM